UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BETSIBETH YANIDE CHIRINOS
RODRIGUEZ,                                                              Petitioner,

v.                                                      Civil Action No. 4:26-cv-401-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                              Respondents.

* * * * *

## MEMORANDUM AND ORDER

Petitioner Betsibeth Yanide Chirinos Rodriguez, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending her removal proceedings. She alleges that her detention violates the Due Process Clause of the Fifth Amendment and regulations accompanying the Immigration and Nationality Act. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefing setting out their respective legal arguments (D.N. 8; D.N. 9). After careful consideration, the Court will grant Chirinos Rodriguez's petition for the reasons explained below.

**I.**

Chirinos Rodriguez is a native and citizen of Venezuela. (D.N. 1, PageID.4 ¶ 18; *see* D.N. 8-1, PageID.47) She entered the United States without inspection on or about October 11, 2023, and was apprehended by immigration authorities. (D.N. 1-1, PageID.18) Chirinos Rodriguez was initially placed in expedited removal proceedings but expressed fear of torture if she returned to Venezuela. (*See* D.N. 8-1, PageID.48) An asylum officer issued a positive credible-fear determination. (*See id.*) On October 23, 2023, Chirinos Rodriguez was placed in

1

standard removal proceedings via a Notice to Appear, which designated her as "an alien present in the United States who has not been admitted or paroled." (D.N. 1-1, PageID.18) Chirinos Rodriguez was released on an order of recognizance the same day.[1] (*See id.*, PageID.22) On April 17, 2026, Chicago law enforcement arrested Chirinos Rodriguez for "Domestic Battery/Bodily Harm (Assault-Misdemeanor)."[2] (D.N. 8-3, PageID.57) One week later, U.S. Immigration and Customs Enforcement (ICE) authorities arrested Chirinos Rodriguez following "surveillance" based on her recent arrest. (*Id.*) Her release on recognizance was revoked the same day. (*See* D.N. 8-4, PageID.61) She remains detained at the Grayson County Detention Center in Leitchfield, Kentucky. (*See* D.N. 1, PageID.6 ¶ 28)

Chirinos Rodriguez seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, the Chicago ICE Field Office Director, the Acting Director of ICE, Department of Homeland Security Secretary Markwayne Mullin, and Acting U.S. Attorney General Todd Blanche. (*See id.*, PageID.4–5 ¶¶ 19–23) Chirinos Rodriguez alleges that the federal respondents unlawfully revoked her release on recognizance and that her detention violates due process under the Fifth Amendment. (*See id.*, PageID.10–12 ¶¶ 1–14) She seeks immediate release. (*See id.*, PageID.13) Respondents argue that (1) Chirinos Rodriguez was moved from expedited to standard removal proceedings and is thus detained under 8 U.S.C. § 1225(b)(1); (2) her detention does not

---

[1] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[2] The Department of Homeland Security's Form I-213 states that Chirinos Rodriguez's "arrest falls under the Laken Riley Act." (D.N. 8-3, PageID.57) The Act, which amended 8 U.S.C. § 1226(c), requires detention of certain inadmissible noncitizens who are "arrested for . . . assault of a law enforcement officer . . . or any crime that results in death or serious bodily injury." 8 U.S.C. § 1226(c)(1)(E)(ii). The record does not indicate that Chirinos Rodriguez was arrested for assaulting a law enforcement officer or that the alleged assault resulted in death or serious bodily injury. (*See generally* D.N. 8) Therefore, the Laken Riley Act does not apply here.

violate due process under that provision; and (3) her release on recognizance was lawfully revoked.[3]  (*See* D.N. 8, PageID.40–44)

**II.**

**A.      Immigration and Nationality Act**

Chirinos Rodriguez asserts that 8 U.S.C. § 1226 and accompanying regulations govern her detention.  (*See* D.N. 1, PageID.7 ¶ 32 (discussing *Ebu v. Tindall*, No. 3:25-cv-779-RGJ, 2026 WL 252899 (W.D. Ky. Jan. 30, 2026)))  Respondents argue that "8 U.S.C. § 1225(b)(1)(B)(ii) requires detention of aliens that were subject to expedited removal proceedings but were then found by an asylum officer to have a credible fear of persecution in their home country and placed into full proceedings before the Immigration Court."  (D.N. 8, PageID.40)

The Court previously addressed arguments related to a similarly situated petitioner in *Singh v. Hott*, No. 4:26-cv-256-DJH, 2026 WL 1880217 (W.D. Ky. June 30, 2026).  There, the Court observed that § 1225(b)(1)(B)(ii) "provides that if an asylum officer 'determines at the time of the [credible-fear] interview that an alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of the application for asylum.'"  *Id.* at *2 (alteration in original) (quoting § 1225(b)(1)(B)(ii)).  "The plain meaning of that provision is that detention must continue until immigration officers have finished 'considering' the application for asylum."  *Id.* (citation modified) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018)).  "Once consideration of the asylum application ends, 'detention under § 1225(b) must end as well.'"  *Id.* (quoting *Jennings*, 583 U.S. at 297).  If an asylum officer determines that the noncitizen has a credible fear, the

---

[3] Respondents do not contest that the Court has jurisdiction to review Chirinos Rodriguez's petition (*see generally* D.N. 8).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Chirinos Rodriguez must exhaust administrative remedies.  (*See generally* D.N. 8)  The Court therefore will not address those issues.

3

noncitizen may be placed in standard removal proceedings before an immigration judge. *See id.*; *Kumar v. Stevens*, No. 3:26-CV-00132-JJH, 2026 WL 1129594, at *9 (N.D. Ohio Apr. 27, 2026). The Notice to Appear issued to the noncitizen is designed to reflect that procedural history. *See Singh*, 2026 WL 1880217, at *2–3.

Here, Chirinos Rodriguez received a positive credible-fear determination from an asylum officer. (*See* D.N. 8-1, PageID.48)  She was then issued a Notice to Appear. (*See id.*; D.N. 1-1, PageID.18)  The Notice states that it was "issued after an asylum officer . . . found that [Chirinos Rodriguez] ha[d] demonstrated a credible fear of persecution." (D.N. 1-1, PageID.18)  Once the officer issued the credible-fear determination, their consideration of the asylum application ended because Chirinos Rodriguez was then placed in removal proceedings before an immigration judge. *See Singh*, 2026 WL 1880217, at *3.  Thus, her detention under § 1225(b) "end[ed] as well," and § 1226(a) governed her detention going forward. *See id.* (quoting *Jennings*, 583 U.S. at 297).  And because § 1226(a) governs Chirinos Rodriguez's detention, she is entitled to a bond hearing. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–34 (6th Cir. 2026).

**B.    Due Process**

Chirinos Rodriguez's detention without a bond hearing violates due process. *See id.* at 719. Because she has not received a bond hearing (*see generally* D.N. 1; D.N. 8), the Court must determine the proper remedy.   *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026).  In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment.  175 F.4th at 734.  But the Sixth Circuit did not require a particular remedy for that violation. *See id.* at 732–34.  "Habeas has traditionally been a means to secure release from

4

unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted). Consistent with that understanding, this Court and others have ordered noncitizens' release upon finding a due-process violation. *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite v. Noem*, 808 F. Supp. 3d 474, 494 (E.D.N.Y. 2025) (ordering the petitioner's release and that the respondents not re-detain him "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker"). In accordance with those decisions, the Court will order Chirinos Rodriguez's immediate release.[4]

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Chirinos Rodriguez's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Chirinos Rodriguez and shall not re-detain her without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **July 24, 2026**.

---

[4] In light of this conclusion, the Court need not consider whether the federal respondents unlawfully revoked Chirinos Rodriguez's release on recognizance. *See Camara v. Field Off. Dir.*, No. 1:25-cv-740, 2026 WL 775585, at *10 n.3 (S.D. Ohio Mar. 19, 2026) ("Because the Court has sufficient grounds to order release, it need not consider Petitioner's additional claim that the ICE official who revoked his supervised release order lacked authority to do so.").

(2)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

July 22, 2026

**David J. Hale, Chief Judge**
**United States District Court**